599 F.2d 1109
 In re FRANKLIN NATIONAL BANK SECURITIES LITIGATION
Robert GOLD, on behalf of himself and on behalf of all
others similarly situated, Plaintiff-Appellant,
and
Louis Pergament, Intervenor-Plaintiff-Appellant,
v.
ERNST & ERNST, Harold V. Gleason, Paul Luftig, Peter R.
Shaddick, Michele Sindona, Carlo Bordoni, Howard
D. Crosse, Andrew N. Garofalo, Donald H.
Emrich, and Robert C.
Panepinto,
Defendants-
Appellees.
 No. 960, Docket 76-7616.
 United States Court of Appeals,
Second Circuit.
 Argued April 27, 1977.
Reargued Nov. 15, 1977.
Decided April 3, 1978.
Petition for Rehearing April 10, 1979.
Decided May 24, 1979.
 
 Milberg, Weiss, Bershad & Specthrie, New York City (Melvyn I. Weiss, Jerome M. Congress and Edwin J. Mills, New York City, of counsel), liaison attorneys for Class Action plaintiffs and for plaintiff-appellant Robert Gold, and Jessel Rothman, Mineola, New York, for intervenor-plaintiff-appellant Louis Pergament.
 Poletti, Freidin, Prashker, Feldman & Gartner, New York City (Barbara A. Lee, New York City, of counsel), for defendant-appellee Howard D. Crosse.
 Davis, Polk & Wardwell, New York City, for defendant-appellee Ernst & Ernst.
 Arkin, Arisohn & Cross, P. C., New York City, for defendant-appellee Harold V. Gleason.
 Battle, Fowler, Lidstone, Jaffin, Pierce & Kheel, New York City, for defendant-appellee Paul Luftig.
 Anderson, Russel, Kill & Olick, P. C., New York City, for defendant-appellee Peter R. Shaddick.
 Mudge, Rose, Guthrie & Alexander, New York City, for defendant-appellee Michele Sindona.
 DiFalco, Field & Lomenzo, New York City, for defendant-appellee Carlo Bordoni.
 Pirrotti & Imperato, Brooklyn, N. Y., for defendant-appellee Robert Panepinto.
 Before MEDINA and OAKES, Circuit Judges, and MISHLER, District judge.*
 MEDINA, Circuit Judge:
 
 
 1
 Our opinion on the appeal in this case was filed on April 3, 1978 and it is reported, In re Franklin National Bank Securities Litigation, 574 F.2d 662 (2d Cir. 1978).
 
 
 2
 We enlarged the time within which a petition for rehearing might be filed. Since we previously retained jurisdiction, 574 F.2d at 676, we may consider not only the record as it stood when we heard the two oral arguments on April 27, 1977 and November 15, 1977, but also proofs of what subsequently occurred as appear in the supplemental record in the Clerk's Office and in the Supplemental Appendix, filed with our permission.
 
 
 3
 We are asked to "reexamine" and to "clarify" our opinion because of certain developments in the case since the filing of the opinion, and because Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) ("Sanders ") "prohibits the use of subpoenas to obtain information concerning the identities of beneficial owners for the purpose of mailing class notices." We think our original opinion is open to misconstruction and we delete the part of a sentence chiefly responsible for the difficulty, as will appear below.
 
 
 4
 In the interval between the filing of the opinion and the filing of the petition for rehearing Judge Thomas C. Platt, Jr., disqualified himself and the case was reassigned to Judge Jack B. Weinstein. We are not aware of any relationship between the change of trial judges and the application for rehearing.
 
 
 5
 The fundamentals of Rule 23 as revised in 1966 are clearly set forth in Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968) (Eisen II ), which reversed the summary dismissal of a class action because the District Court had not followed the procedures plainly stated in revised Rule 23. The case was widely cited and followed and it held that revised Rule 23 was to be liberally construed. See also our previous decision herein, 574 F.2d at 671-672. First, the District Court must define the class and must decide whether or not to certify that the action is to proceed as a class action. Then, the District Court must "direct to the members of the class the best notice practicable under the circumstances." To do this requires a finding on the subject of the "members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2). This key finding is necessary because revised Rule 23(c)(2) requires "individual notice to all members who can be identified through reasonable effort," and, as pointed out in Eisen II, 391 F.2d at 569, until this finding is made rational consideration cannot be given to the matter of what form of notice is adequate under the circumstances. Thus, if Judge Weinstein determines that some of the beneficial owners cannot be identified with reasonable effort, he must devise alternative methods that satisfy the notice provisions of revised Rule 23 and the constitutional requirements of due process, as well as "the principle underlying Eisen IV (Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)) that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." Oppenheimer Fund, Inc. v. Sanders, supra, 437 U.S. at 359, 98 S.Ct. at 2394.
 
 
 6
 In this case now before us the District Court, which is responsible for the hearings and taking of proofs of what we described in our opinion as "the basic facts" (See 574 F.2d at 674) and the making of the key finding above described, has never made any such clear and explicit finding. The District Court has not found that all or some or any of the members of the class can be identifiable through reasonable effort and it has not found that all or some or any of the members of the class cannot be identified through reasonable effort. We did not intend to make any such key finding in our earlier opinion. It is not our function but rather that of the District Court to make such findings, just as it is generally the function of the District Court in class actions to certify or refuse to certify the case as a class action. Fed.R.Civ.P. 23(c)(1). In discussing various procedures that might or might not be followed by the District Court after the remand we were careful not to give any mandatory instructions, as we had no authority to do more than make suggestions to be followed or rejected in the discretion of the District Court, as is plainly stated in the opinion. 574 F.2d at 673, 674 and Passim. See also Comment, Cost of Notice in Class Actions After Oppenheimer Fund, Inc. v. Sanders, 78 Colum.L.Rev. 1517, 1528-35 (1978).
 
 
 7
 It was intended that the "basic facts" would be developed on the remand. There was much confusion in the case and this was manifested in various ways, including many changes of position by lawyers representing the class and by lawyers representing some of the defendants. There was an aura of mystery about the exhibit that was not printed in the Appendix but which, we were told, contained the "661 street names." Much was said about the brokerage houses, little or nothing about the banks and miscellaneous nominees. We were led to suppose that the real difficulty was not the identification of the beneficial owners of the stock but rather who were the members of the class to whom plaintiffs must give notice the nominees or the beneficial owners and how to keep the expense involved within reasonable bounds. It was in this context that we made the comment that "it is already clear that most if not all of these beneficial owners can be identified with reasonable effort." 574 F.2d at 672. We did not intend this to be a finding of fact on a critical issue still undecided and we delete it.
 
 
 8
 As the case now goes back to a different District Judge, we wish to make it plain that we intended no impingement on the functions of the District Court and that the whole subject of notice is completely open. On the present remand all the proofs already taken are available to the newly assigned District Judge, and also such further proofs, documentary and testimonial, as may be offered by any of the parties or others and received by him. In this connection the newly assigned Judge will decide what interpretation he thinks should be given to the opinion of the Supreme Court in Oppenheimer Fund, Inc. v. Sanders, supra, and he will also decide what, if any, discovery proceedings may or may not be authorized. We continue to retain jurisdiction, as before.
 
 
 9
 In all other respects the petition for rehearing is denied. No costs.
 
 
 
 *
 Chief Judge, Eastern District of New York, sitting by designation